FILED

APR 27 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALVIN ROUSE, AKA Abdur Rashid Khalif, | No. 11-35200 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05655-RBL |
| v. | MEMORANDUM[*] |
| RON VAN BOENING; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Washington state prisoner Calvin Rouse, a.k.a. Abdur Rashid Khalif,

appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983

action alleging various constitutional violations.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1019 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment because plaintiff failed to raise a genuine dispute of material fact as to any of his claims. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see also Lewis v. Casey*, 518 U.S. 343, 349-51 (1996) (access to court); *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (due process); *Shakur v. Schriro*, 514 F.3d 878, 884, 888 (9th Cir. 2008) (free exercise and RLUIPA); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (retaliation).

The district court did not abuse its discretion by granting defendants' motion to quash defendant Van Boening's deposition. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("A district court is vested with broad discretion to permit or deny discovery. . . .").

The district court did not abuse its discretion by declining to continue defendants' summary judgment motion until plaintiff could conduct additional discovery because plaintiff failed to identify the specific facts that additional discovery would have revealed or how those facts would have been essential to defeat the summary judgment motion. *See California ex rel. Cal. Dep't of Toxic*

*Substances Control v. Campbell*, 138 F.3d 772, 779-80 (9th Cir. 1998) (reviewing

for an abuse of discretion and setting forth relevant factors).

Plaintiff's remaining contentions are unpersuasive.

**AFFIRMED.**